**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GANTCHO GOSPODINOV
GANTCHEV,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72972

Agency No. A098-824-917

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2012[**]
San Francisco, California

Before:  O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Gantcho Gospodinov Gantchev petitions for review of a decision of the

Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's

("IJ's") denial of his claims for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT").  We deny the petition for review.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

I

Substantial evidence supports the agency's conclusion that Gantchev's asylum claim was time-barred because he did not file his asylum petition within one year after he arrived in the United States. 8 U.S.C. § 1158(a)(2)(B). He failed to apply for asylum for more than five years after he last entered the United States. Substantial evidence supports the BIA's conclusion that the filing delay was not reasonable in light of the "extraordinary circumstances" he alleged.[1] *See* 8 C.F.R. § 1208.4(a)(5). Even crediting Gantchev's testimony about the extent of his injuries from his two car accidents and the complications from his hernia operation, the agency properly concluded that Gantchev's delay in applying for asylum after he recovered from those incidents was not reasonable.

II

Substantial evidence supports the agency's denial of Gantchev's request for withholding of removal because his testimony was not credible. The IJ identified inconsistencies in Gantchev's testimony regarding (1) the arrest of a journalist with

---

[1] To the extent that Gantchev challenges the agency's findings of disputed facts in concluding that his asylum application is time-barred, his challenge is unreviewable. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). However, insofar as the IJ and the BIA assumed the existence of extraordinary circumstances but found Gantchev's delay in applying unreasonable in light of those circumstances, we may review the agency's finding as a mixed question of law and fact. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008).

whom Gantchev was associated, (2) Gantchev's employment history in Bulgaria, (3) the Bulgarian government's surveillance of Gantchev and restriction of his travel, (4) his wife's receipt of pension benefits, (5) his wife's religious practices, (6) his work establishing evangelical churches with an American pastor, (7) his contact with the police when he returned to Bulgaria in 1999, and (8) his medical problems since arriving in the United States. Under the REAL ID Act standards applicable to this case, the IJ's specific identification of non-trivial inconsistencies and implausibilities in Gantchev's testimony adequately supports the adverse credibility finding. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010) (citing *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002)). Therefore, the BIA did not err in denying his request for withholding of removal.

### III

Because Gantchev did not challenge the IJ's denial of his CAT claim before the BIA or this Court, we do not review it. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (citing *Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n.5 (9th Cir. 2008); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)).

**PETITION DENIED.**